

FILED

MAY 2 4 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE
NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                          ) Case No. 08-92380-E-7
                               ) Docket Control Nos.
NICHOLAS GRIGGS and            )    KJL-4
KATHRYN B. GRIGGS,             )    P&A-2
                               )
        Debtors.               )
_____)

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

MEMORANDUM OPINION AND DECISION
STIPULATION RE PERSONAL INJURY CLAIM PROCEEDS
DOCKET ENTRY NO. 207

On May 7, 2013, the court filed a Scheduling Order in connection with the Trustee's Objection to Claim of Exemption, DCN MGO-7, and the Motion for Attorneys' Fees filed by Special Counsel, DCN KJL-4. With respect to the Objection to Claim of Exemption, the court previously entered an order disallowing the Debtors' claim of exemption in the Personal Injury Claim and Proceeds specified in the exemption ("Personal Injury Claim") to the extent that the amount (unstated on the Amended Schedule C) exceeded the exemption permitted under California Code of Civil Procedure § 703.140(b)(11)(E). Order, Dckt. 126. No proceedings for either contested matter are pending.

The Scheduling Order specified two time periods for the parties. With respect to the exemption in an unstated amount claimed in the Personal Injury Claim, the Debtors were required to file and serve by June 1, 2013, an appropriate proceeding for the court to determine what specific amount, if any, could properly be claimed as exempt. Further, the Trustee, Special Counsel for the Trustee, and any other parties in interest were required to file and serve by June 30, 2013, an appropriate proceeding, if any, asserting any right for the Debtors' exempt portion of the $120,000.00 Personal Injury Claim settlement proceeds to be liable for the costs of prosecuting that claim. Failure to timely file such respective proceeding would be deemed a determination that no such exemption or liability for costs existed.

On May 13, 2013, the Debtors, Chapter 7 Trustee, and Special Counsel for the Trustee filed a Stipulation resolving their competing interests in the remaining $90,000.00 of the settlement proceeds ($30,000.00 having been used to pay medical and other lien claims). Stipulation, Dckt 207. The Stipulation provides for the interests in the remaining $90,000.00 of settlement proceeds to be disbursed as follows:

    A.    $35,541.28 to be paid to the Debtors as the total amount of the exemptions that they claim in the Settlement Proceeds.

    B.    $44,028.00 is to be paid to Scott VanWagenen, Special Counsel to the Trustee, for fees previously approved by the court.

    C.    The parties shall bear their own attorneys' fees, costs, and expenses in connection with the claims of exemption, Special Counsel Fee Application, Counter-Motion for Turnover of Monies the Debtors, and the Stipulation.

    D.    The Court's May 7, 2013 Scheduling Order is to be vacated.

The court first notes that the Trustee has represented he is holding $90,000.00 in settlement proceeds. The Stipulation expressly accounts for $79,569.28 of the settlement proceeds. It appears that implicitly the Stipulation provides that the Debtors will be allowed an exemption of $35,541.28 in the settlement proceeds and that $54,458.72 of the proceeds belongs to the bankruptcy estate free and clear of any exemption claim. Of this amount, $44,028.00 is to be paid to Special Counsel for his allowed fees (presuming the estate is administratively solvent) and the balance of the proceeds, $10,430.72, are unencumbered monies of the estate to be disbursed by the Trustee.

**PRESENTATION OF STIPULATION TO THE COURT**

The Stipulation has been filed with the court and it is not connected to any pending motion seeking relief from the court. No notice of the Stipulation has been provided to creditors or the United States Trustee. No copies of the Stipulation have been served on the United States Trustee or any parties requesting special notice.

The substance of the Stipulation is for the Debtor to waive the exemption previously asserted under California Code of Civil Procedure § 704.140(b)(11)(E) in 100% of the Personal Injury Claim and Proceeds thereof. The Debtors continue to claim the $35,541.28 of the Personal Injury Claim exempt pursuant to California Code of Civil Procedure §§ 703.140(b)(5) and (11)(D). Amended Schedule C filed February 16, 2010, Dckt. 115. No objection to this $35,541.28 in exemptions was filed by the Trustee, creditors, or any other party in interest. The time for objecting to this exemption claimed on February 16, 2010 has expired.

While at first blush it may appear that the parties are entering into a settlement to compromise their respective rights for which court approval is required (Fed. R. Bankr. P. 9019), such is not the case. The Trustee is not waiving or compromising any rights or interests of the Estate. The Debtors have claimed $35,541.28 in exemptions in the remaining $90,000.00 of proceeds from the settlement of the Personal Injury Claim. No objection having been filed, the Debtors are entitled to the monies claimed as exempt. *Schwab v. Reilly*, 130 S.Ct. 2652, 2657 (2010).

The court has set a deadline of June 30, 2013, in the event that the Trustee, Special Counsel, or other party in interest designated by the court, believed that a *bona fide* legal theory existed by which the portion of the Personal Injury Claim settlement proceeds claimed exempt by the Debtors could be surcharged or otherwise be called upon to pay for the expenses of obtaining the Settlement. At the point in time of the Scheduling Order, given that the Debtors were claiming all of the settlement proceeds exempt, there existed the possibility of such claims being asserted.

Under the terms of the Stipulation, the Debtors have waived any exemption in all amounts in excess of $35,541.28, which is the dollar amount of exemption which the Trustee, Special Counsel, and all creditors were on notice when the estate embarked upon asserting the Personal Injury Claim. The court interprets the Trustee's and Special Counsel's participation in the Stipulation to be a statement that they have determined that no legally reasonable basis exists for asserting claims against the Debtors' $35,541.28 in exempt proceeds in light of the estate receiving all amounts in

excess of the exemption.  In this case, electing not to pursue a possible expense recovery under the circumstances is not compromising the rights of the estate as part of a settlement.

**Scheduling Order Dates**

The Stipulation provides that the court shall vacate the June 1, 2013 and June 30, 2013 dates in the Scheduling Order.  The court vacates the Scheduling Order, Dckt. 203, it having been rendered moot by the Stipulation.

**Ruling**

Because the Chapter 7 Trustee is holding the $90,000.00 of settlement proceeds and cannot disburse them without further order of the court (Order Approving Compromise, Dckt. 170), the present motion merely requests a supplemental order for the release of the monies.  Pursuant to the Stipulation, Order Approving Compromise (DCN:KJL-3, Dckt. 170), Order on Objection to Claim of Exemptions (DCN:MGO-7, Dckt. 126), and Order on Application for Attorneys Fees by Scott A. VanWagenen, Special Counsel to the Trustee, (DCN: KJL-4, Dckt. 200); the court shall enter an order authorizing the Trustee to disburse the $90,000.00 of proceeds from the Personal Injury Claim as follows:

   1. $35,541.28 to the Debtors in full satisfaction of all claims of exemption in the Personal Injury Claim and all proceeds thereof; and

   2. The balance of the Personal Injury Claim settlement proceeds as provided under Chapter 7 of the Bankruptcy Code, including the immediate payment of $44,028.00 to Scott A. VanWagenen allowed as Special Counsel Fees.

///

The court shall issue an order consistent with this Ruling. This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law with respect to the Stipulation and the order entered pursuant hereto.

Dated: May 24, 2013

RONALD H. SARGIS, Judge
United States Bankruptcy Court

This document does not constitute a certificate of service. The parties below will be served a separate copy of the attached document through the BNC.

---

Kathryn Griggs
6658 Garner Place
Valley Springs, CA 95252

Nicholas Griggs
6658 Garner Place
Valley Springs, CA 95252

Michael McGranahan
PO Box 5018
Modesto, CA 95352

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Michelle Oleksa
8939 N Chestnut Ave #404
Fresno, CA 93720

Estela Pino
800 Howe Ave #420
Sacramento, CA 95825